1  ARIEL E. STERN, ESQ.
   Nevada Bar No. 8276
2  WILLIAM S. HABDAS, ESQ.
   Nevada Bar No.13138
3  **AKERMAN LLP**
   1635 Village Center Circle, Suite 200
4  Las Vegas, NV 89134
   Telephone:  (702) 634-5000
5  Facsimile:  (702) 380-8572
   Email:  ariel.stern@akerman.com
6  Email:  william.habdas@akerman.com

7  *Attorneys for The Bank of New York Mellon*
   *f/k/a the Bank of New York as Trustee for*
8  *the Certificateholders of CWABS, Inc., Asset*
   *Backed Certificates, Series 2005-BC2*

9

10             **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12  | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-BC2, | Case No.:  2:17-cv-02006-RFB-GWF |
    | --- | --- |

**REQUEST TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT CSC ACQUISITION & HOLDING GROUP LLC**

Plaintiff,

vs.

WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION; CSC ACQUISITION & HOLDING GROUP LLC; EQ PARTNERS SOLUTIONS, LLC; and ABSOLUTE COLLECTION SERVICES, LLC,

Defendants.

Plaintiff The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-BC2 (**BoNYM**) requests that entry of judgment by default be entered in favor of BoNYM and against defendant CSC Acquisition & Holding Group LLC (**CSC**) pursuant to Federal Rule of Civil Procedure 55(b)(2). BoNYM moves on the ground CSC has failed to appear or otherwise respond to BoNYM's complaint within the time prescribed by the Federal Rules of Civil Procedure, and the Clerk of Court

1

43850867;1

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

entered default against CSC on January 4, 2018. [1]

BoNYM does not seek an award of monetary damages or attorneys' fees and costs, but rather requests this Court enter judgment against CSC as follows: that CSC acquired its ownership interest in real property located at 901 Villa Inn Court, Las Vegas, NV 89110 subject to the senior deed of trust recorded against the property on October 28, 2004, at Instrument No. 200410280004923.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The case arises out of Washington & Sandhill Homeowners Association's (**Washington**) September 17, 2013, non-judicial foreclosure sale of the non-priority portion of its assessment lien. BoNYM seeks an order quieting title and declaring the HOA foreclosure sale purchaser, and subsequent transferee, took subject to BoNYM's mortgage lien.  BoNYM filed its complaint on July 24, 2017, and properly served CSC, who failed to respond.  ECF No. 1; 40.  The Clerk of Court entered default against CSC on January 4, 2018.  ECF No. 43.  BoNYM now seeks entry of default judgment.

Defendants Washington and Absolute Collection Services (**ACS**) have appeared. Washington and ACS filed motions to dismiss, which are currently pending before the Court.  ECF Nos. 15, 26.

### II.   FACTS

On or about October 26, 2004, Nestro Zulueta and Jaime L. Zulueta (the **Zulueta**) obtained a loan in the amount of $180,000.00 secured by a deed of trust (the **senior deed of trust**) recorded October 28, 2004, with the Clark County Recorder as Instrument No. 200410280004923.  The senior deed of trust was assigned to The Bank of New York Mellon f/k/a the Bank of New York as Trustee

---

[1]  The clerk's default was entered against defendant CSC on January 4, 2018.  ECF No. 43.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-BC2 via an assignment of deed of trust recorded on August 16, 2012, as Instrument No. 201208160000942.

Upon information and belief, the Zuluetas failed to pay Washington all amounts due to it. On December 4, 2012, Washington, through its agent ACS, recorded a notice of delinquent assessment lien.  A true and correct copy of the notice of lien is recorded with the Clark County Recorder as Instrument No. 201212040002067.  On February 1, 2013, Washington, through its agent ACS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien.  A true and correct copy of the notice of default is recorded with the Clark County Recorder as Instrument No. 201302010001592.  On June 14, 2013, Washington, through its agent ACS, recorded a notice of trustee's sale.  A true and correct copy of the trustee's sale is recorded with the Clark County Recorded as Instrument Number 201306140000742.

On March 25, 2013, Miles, Bauer, Bergstrom & Winters, LLP on behalf of then-servicer Bank of America, N.A. (**BANA**) requested a ledger from Washington, through its agent ACS, identifying the super-priority amount allegedly owed to Washington.  Washington, through its agent ACS, provided a statement of account. Based on the monthly assessment amount identified in the April 4, 2013, statement of account, BANA tendered $171.00 to Washington through its agent ACS on April 18, 2013.

Washington foreclosed on the property on or about September 17, 2013.  A foreclosure deed in favor of CSC was recorded on September 23, 2013, as Instrument No. 201309230001925, reflecting a sales price of $7,000.00.  On October 2, 2013, CSC conveyed the property to EQ Partners Solutions, LLC (**EQ**) via a quit claim deed recorded as Instrument No. 201310020001539. A corrective quit claim deed was recorded on November 15, 2013, as Instrument No. 201311150002334.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3

On July 24, 2017, BoNYM filed its complaint for quiet title/declaratory judgment against Washington, CSC, EQ, and ACS, breach of NRS 116.1113 against Washington and ACS, wrongful foreclosure against Washington and ACS, and injunctive relief against EQ.  ECF No. 1.

BoNYM served CSC by publication on November 14, 2017, November 21, 2017, November 28, 2017, December 5, 2017, and December 12, 2017.  ECF No. 40.  On January 4, 2018, the Clerk entered a default against CSC due to its failure to appear and defend in the time permitted by the Federal Rules of Civil Procedure.  ECF No. 43.

## III.    ARGUMENT

### A.    Legal Standard

Rule 55 details a two-step procedure for obtaining a default judgment, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  FRCP 55(a); *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  First, the clerk must enter default against the party.  FRCP 55(a).  Second, the party seeking default judgment must petition the district court for entry of default judgment.  FRCP 55(b)(2).

When determining whether the entry of default judgment is proper, the Ninth Circuit reviews the following factors: (**1**) the possibility of prejudice to the plaintiff; (**2**) the merits of the plaintiff's substantive claims; (**3**) the sufficiency of the complaint; (**4**) the sum of money at stake in the action; (**5**) the possibility of a dispute concerning material facts; (**6**) whether the default was due to the excusable neglect; and (**7**) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471-72.  In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

4

43850867;1

917-18 (9th Cir. 1987).  "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."  *Id.* at 917.  In particular, a court may require a moving party to "establish the truth of any allegation by evidence."  FRCP 55(b)(2)(C).

**B.    BoNYM is Entitled to Default Judgment Against CSC.**

At the onset, this Court can enter default judgment because CSC is not an infant, is not incompetent, and is not in the military.  **EXHIBIT** A ¶ 6.  The Court should take all factual allegations in BoNYM's complaint as true against CSC because CSC failed to file a responsive pleading and the clerk accordingly entered its default.

BoNYM served the summons and complaint on CSC on November 14, 2017, November 21, 2017, November 28, 2017, December 5, 2017, and December 12, 2017, by publication, as evidenced by the affidavit filed with this Court.  ECF No. 40.  Following CSC's failure to appear and defend in the time permitted by federal law, this Court entered default against CSC on January 4, 2018.  ECF No. 43.  Accordingly, entry of judgment by default is appropriate.  FRCP 55.

When applying the *Eitel* factors to this case, the Court should find the circumstances warrant entry of default judgment against defendant CSC.

**1.    *BoNYM Will be Prejudiced if Default Judgment Is Not Entered.***

The first *Eitel* factor favors default judgment where the plaintiff would suffer prejudice if default judgment is not entered.  *Eitel*, 782 F.2d at 1417.  Prejudice is not established by mere delay of the resolution of a case.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  Instead, the standard is whether a plaintiff's ability to pursue a claim would be hindered if default judgment is not entered.  *Id.* (quoting *Falk v. Allen*, 739 F.3d 461, 462 (9th Cir. 1984)).

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

BoNYM asks for this court to find CSC's title to the property is subject to BoNYM's senior deed of trust.  If default judgment is not entered against CSC, BoNYM will be without recourse to establish its superior claim to title and stands to suffer significant prejudice.

**2.      *BoNYM's Complaint Sets Forth Sufficient and Substantive Claims for Relief***

The second and third *Eitel* factors look to the merits of plaintiff's claims and sufficiency of the complaint.  *Eitel*, 782 F.2d at 1417.  BoNYM's complaint is well pled and asserts meritorious claims.

**a.      NRS Chapter 116 is unconstitutional under *Bourne Valley.***

As an issue of first impression, *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), holds NRS chapter 116's "peculiar scheme" is facially unconstitutional under the Fourteenth Amendment.  *Id.*  First, the court held the potential extinguishment of the deed of trust pursuant to NRS chapter 116 amounts to state action, and thus requires application of the Due Process Clause.  *Bourne Valley*, 832 F.3d at 1159-60; *see also*, *Culbertson v. Leland*, 528 F.2d 426, 432 (9th Cir. 1975) (holding that operation of innkeeper's lien statute that permitted non-judicial seizure to be state action); *J.D. Constr. v. IBEX Int'l Group*, 126 Nev. 366, 240 P.3d 1033 (2010) (holding mechanic's lien statute implicates a property owner's federal and state due process rights).

Next, the *Bourne Valley* court held NRS chapter 116 impermissibly shifts the burden of ensuring adequate notice to mortgage lenders "without regard for: (1) whether the mortgage lender was aware that the homeowner had defaulted on her dues to the homeowners' association, (2) whether the mortgage lender's interest had been recorded such that it would have been easily discoverable through a title search, or (3) whether the homeowners' association had made any effort whatsoever to contact the mortgage lender."  832 F.3d at 1159.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

*Bourne Valley* rejected the argument that NRS 107.090—which governs the notice required for default and sale under a deed of trust—cures NRS chapter 116's deficiencies.  *Id.* The court further recognized the Nevada legislature would have had no reason to amend NRS chapter 116—as it did in 2015—if the statute already required notice to mortgagees whose interests may be extinguished.  *Id.* at n.4.

In *Bourne Valley*, the Ninth Circuit concluded NRS chapter 116 was facially unconstitutional because it failed to mandate notice to mortgage lenders and met the other requirements for finding a violation of due process.  *Bourne Valley*, 832 F.3d at 1160.   An unconstitutional law is void. *Journigan v. Duffy*, 552 F.2d 283, 289 (9th Cir. 1977).  Consequently, a successful facial challenge invalidates the statute itself.  *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998); *Dehne v. Avanino*, 219 F. Supp. 2d 1096, 1102 (D. Nev. 2001).   Because NRS chapter 116 is facially unconstitutional, it is void as a matter of law.  Consequently, the HOA foreclosure sale conducted pursuant to NRS chapter 116 is also void.

   b.  **BoNYM's tender preserves the seniority of its deed of trust.**

Even assuming the foreclosure sale was not void pursuant to *Bourne Valley*, BoNYM's attempt to tender the super-priority amount preserves the seniority of its senior deed of trust.  "NRS 116.3116 gives a homeowners' association (HOA) a super-priority lien on an individual homeowners' property for up to nine months of unpaid HOA dues." *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. Adv. Rep. 75, 334 P.3d 408, 409 (2014).   "As to first deeds of trust, NRS 116.3116(2) splits an HOA lien into two pieces, a super-priority piece and a sub-priority piece." *SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. Adv. Rep. 75, 334 P.3d 408, 411 (2014).   The "super-priority" lien granted by NRS 116.31162(2) "is limited to an amount equal to the common expense assessments due during the nine months before foreclosure." *See Horizon at Seven Hills*

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

*Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 72 (Nev. 2016).  An HOA's super-priority lien upon real property is satisfied upon the unconditional offer to tender the amount of the HOA's nine months of assessment payments, without money being exchanged.  *Guthrie v. Curnutt*, 417 F.2d 764, 765-766 (10th Cir. 1969).

BoNYM attempted to do precisely what Nevada law requires to protect its lien priority. Prior to Washington's foreclosure, BoNYM's counsel sent ACS, Washington's agent, a request for Washington's ledger.  ECF No. 1, ¶ 25, ECF No. 25, Ex. J.  Washington and its agent ACS failed to provide a ledger or any other information by which the super-priority amount could be calculated and obstructed BoNYM's ability to cure any default in the super-priority portion of the lien.  ECF No. 1, ¶ 25, ECF No. 25, Ex. J. CSC's interest in the subject property, and EQ's as subsequent transferee, is subordinate to BoNYM's senior deed of trust pursuant to NRS 116.31164(3)(a).

### 3.    *BoNYM Does Not Seek Monetary Damages.*

The fourth factor disfavors the entry of default judgment where there is a substantial amount of money involved.  *Eitel*, 782 F.2d at 1472.  When evaluating this factor, the court should weigh the amount of money at stake against the seriousness of the defendant's conduct.  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  This factor weighs in favor of entry of the default judgment because BoNYM does not seek monetary damages, but, rather seeks judgment that its senior deed of trust retains its priority position.

### 4.    *There is Little Possibility of Dispute Concerning Material Facts.*

The fifth *Eitel* factor weighs against default judgment where there is a possibility of a dispute over the material facts.  *Eitel*, 782 F.2d at 1472.  Washington argues BoNYM never tendered the super-priority amount, but does not contest that it failed to provide BoNYM a ledger so that it could tender the proper amount.  ECF Nos. 24-26, 29, 30, 42.  It is only relevant BoNYM offered to

AKERMAN LLP

1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

tender, which is not in dispute.  Here, there is no dispute as to the material facts and governing case law and no facts are offered in evidence that create any dispute as evidenced by the parties' motions for summary judgment.  *Id.*

**5.      *There Is No Evidence CSC's Default Was Due to Excusable Neglect.***

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  CSC was properly served and had ample opportunity to participate in this litigation. There is no indication of excusable neglect. The sixth *Eitel* factor weighs in favor of an entry of default judgment.

**6.      *Policy Considerations Favor the Entry of Default Judgment Here.***

The final *Eitel* factor requires the court to examine whether default judgment is appropriate in light of the strong policy in the Federal Rules favoring decisions on the merits.  *Eitel*, 782 F.2d at 1472.  This factor itself is not dispositive given the availability of default judgment where a party does not appear.  *See PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, BoNYM's ability to litigate its case on the merits should not be impaired by CSC's failure to appear.

…

…

…

…

…

…

…

…

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

IV.    CONCLUSION

Accordingly, BoNYM requests this court enter judgment against CSC as follows: that CSC acquired its ownership interest in real property located at 901 Villa Inn Court, Las Vegas, NV 89110 subject to the senior deed of trust recorded against the property on October 28, 2004, at Instrument No. 200410280004923.

DATED February 19, 2018.

AKERMAN LLP

/s/ *William S. Habdas*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-BC2*

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

43850867;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2018 and pursuant to FRCP 5(b)(2)(E), I caused service via U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing foregoing **REQUEST TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT CSC ACQUISITION & HOLDING GROUP LLC**, addressed to:

| | |
|---|---|
| John Henry Wright, Esq.<br>The Wright Law Group, P.c.<br>2340 Paseo Del Prado, Suite D-305<br>Las Vegas, Nevada 89102<br>*Attorneys for Washington & Sandhill HOA* | Shane D. Cox, Esq.<br>Absolute Collection Services, LLC<br>8440 W. Lake Mead Blvd., Suite 210<br>Las Vegas, Nevada 89128<br>*Attorneys for Absolute Collection Services, LLC* |

CSC Acquisition & Holding Group LLC
3721 Erva Street
Las Vegas, NV 89147

*/s/ Doug J. Layne*
An employee of AKERMAN LLP

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

11

43850867;1