UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION; CSC ACQUISITION & HOLDING GROUP LLC; EQ PARTNERS SOLUTIONS, LLC; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-02006-RFB-GWF<br><br>**ORDER** |

Before the Court comes Plaintiff Bank of New York Mellon ("Plaintiff")'s Motions for Default Judgment against Defendants CSC Acquisition & Holding Group LLC ("CSC") and EQ Partners Solutions, LLC ("EQ Partners"). (ECF Nos. 47 & 48). These Defendants have not responded to the motions and have not appeared in this action despite being served by publication on December 19, 2017 and December 20, 2017. (ECF Nos. 37 & 40). A Clerk's Entry of Default was entered against CSC on January 4, 2018. (ECF No. 43). A Clerk's Entry of Default was entered against EQ Partners on February 2, 2018. (ECF No. 44).

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

The Court finds that the Eitel factors favor default judgment against CSC and EQ Partners. Plaintiff would be prejudiced in its ability to assert a quiet title claim against these Defendants, as default judgment is the only means available given these Defendants' failure to appear. The Court also finds that Plaintiff sufficiently pleads that its deed of trust attaches to the property, and the Court also finds that the real property at stake merits default judgment. While there remains a possibility of a dispute of material fact, these Defendants have failed to present any disputes. The Court does not find that there are any indications that these Defendants' defaults were due to excusable neglect. Here, these factors outweigh the strong policy in favor of deciding cases on the merits. The Court declines to analyze the merits of Plaintiff's claims, as the issues raised in the Complaint are currently before the Nevada Supreme Court following this Court's certified question in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL, ECF No. 41.

Plaintiff does not seek an award of monetary damages or attorneys' fees and costs, but rather requests the Court declare that these Defendants purchased the property at issue subject to Plaintiff's senior deed of trust. The Court now makes such declaration. By granting this relief, the Court does not resolve the remaining issues raised by Plaintiff in its Complaint, as those issues are yet to be addressed by the Nevada Supreme Court.

Therefore, **IT IS ORDERED** that Plaintiffs' Motions for Default Judgment (ECF Nos. 47 & 48) are GRANTED. The Clerk of Court is instructed to enter judgment in favor of Plaintiff as

| | |
|---|---|
| 1 | follows: Defendants CSC Acquisition & Holding Group LLC and EQ Partners Solutions, LLC |
| 2 | purchased the real property located at 901 Villa Inn Court, Las Vegas, NV 89110 subject to |
| 3 | Plaintiff's senior deed of trust recorded against the property on October 28, 2004, at Instrument |
| 4 | No. 200410280004923. |

DATED: July 9, 2018.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**