UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION; CSC ACQUISITION & HOLDING GROUP LLC; EQ PARTNERS SOLUTIONS, LLC; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-02006-RFB-GWF<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court is Defendant EQ Partners Solutions LLC's ("EQ Partners") Motion to Set Aside, Intervenor-Defendant Catamount Properties 2018, LLC's ("Catamount") Motion to Intervene, and Intervenor-Defendant Catamount Properties 2018, LLC's Motion to Expunge Lis Pendens. ECF Nos. 60, 61, 63. For the following reasons, the Court grants EQ Partner's Motion to Set Aside and Catamount's Motion to Intervene, but denies Catamount's Motion to Expunge the Lis Pendens.

## II. PROCEDURAL BACKGROUND

Plaintiff Bank of New York Mellon ("Plaintiff") began this action by filing a complaint on July 24, 2017. ECF No. 1. Plaintiff sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its interest on a Las Vegas property. Id. Plaintiff sued multiple defendants, including Defendant EQ Partners Solutions LLC, who Plaintiff alleged had acquired the property via a quitclaim deed from

Defendant CSC Acquisition & Holding Group, LLC, recorded on October 2, 2013.

Plaintiff filed a notice of lis pendens on July 24, 2017. ECF No. 4. On October 12, 2017, Plaintiff Bank of New York Mellon moved for service by publication and extra time for service of process. ECF No. 14. The Court granted the motion on October 13, 2017. ECF No. 18. On February 9, 2018, Plaintiff moved for default judgment against Defendant EQ Partners Solutions, LLC. ECF No. 48. On July 10, 2018, the Court stayed the case pending the Nevada Supreme Court's resolution of a certified question of law relevant to the case. ECF No. 57. The Court also granted Plaintiff's Motion for Default Judgment Against Defendant EQ Partners Solutions, LLC on that same date, and a separate motion for default judgment against Defendant CSC Collections, LLC. Id. On July 25, 2018 the Court granted a stipulation of dismissal as to Defendants Washington & Sandhill Homeowners Association and Absolute Collection Services, which dismissed the remaining defendants in the case. ECF No. 59. The case was terminated on that date. Id. Defendant EQ Partners Solutions, LLC filed the instant motion to set aside the default judgment on April 17, 2019. ECF No. 60. No opposition was filed. Catamount filed its motion to intervene and then its motion to expunge the lis pendens on November 8, 2019 and November 12, 2019, respectively. ECF Nos. 61, 63. No opposition to either motion was filed.

### III. LEGAL STANDARD

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows the Court to relieve a party from final judgment when the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment entered without personal jurisdiction over the parties is void. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Motions brought under Rule 60(b)(4) can be brought at any time. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). If a party can demonstrate that service was defective, then the default judgment can be vacated without demonstrating a meritorious defense. Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp., 752 F.App'x 406 (9th Cir. 2018) (citing Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1256 (9th Cir. 1980).

### IV. DISCUSSION

**a. Motion to Set Aside Default Judgment**

Rule 4(e) of the Federal Rules of Civil Procedure allows parties to follow the applicable

state law when serving a summons on an individual. Fed. R. Civ. P. 4 (e)(1). Rule 4 of the Nevada Rules of Civil Procedure allows for service via publication. N. R. C. P. 4.4[1]. To comply with service via publication requirements, Plaintiff, through its process server, posted a copy of the summons and complaint in a conspicuous area at EQ Partner's last known address for its registered agent and mailed a copy of the same to that address on October 25, 2017. Plaintiff also published notice of the summons and complaint in the Nevada Legal News on October 25, 2017, November 1, 2017, November 8, 2017, November 15, 2017, and November 22, 2017. ECF Nos. 37, 38.

In its motion to set aside, Defendant EQ Partners argues that service against it was never proper, because on October 25, 2017, the same date on which Plaintiff mailed and posted a copy of the summons and complaint to EQ Partners, EQ Partners had changed its registered agent and filed a form informing the Nevada Secretary of State of the change. Subsequently, EQ Partners did not have notice of the lawsuit. Defendant EQ Partners claims that it did not learn of the default judgment entered against it until February 2019, when notice of the default was recorded against the property at issue in this case.

The Court grants Defendant EQ's motion. There may be some doubt as to whether Plaintiff's service was improper, given that Plaintiff submitted proper proof of service by publication in Nevada Legal News, and Plaintiff did mail and post a copy of the summons and complaint to Defendant EQ Partner's last known address at the time. However, in light of the strong preference of resolving cases on the merits, the fact that Defendant EQ Partners alleges no actual notice of the lawsuit until after default judgment had already been entered, and Plaintiff's failure to oppose the motion, the Court will set aside the default judgment. See S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1165 (9th Cir. 2007)(plaintiff bears burden of proving proper service unless defendant had actual notice of the lawsuit prior to entry of default judgment).

**b. Motions to Intervene and Expunge Lis Pendens**

Intervenor-Defendant Catamount moves to intervene and for the Court to expunge the *lis pendens* on the ground that it purchased the property at issue in this case on June 26, 2019 at a

---

[1] In 2017, when service was attempted, the rules for service by publication were located at NRCP 4(e)(1)(i).

foreclosure sale conducted pursuant to a senior deed of trust held on the property.

Rule 24 of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property of transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24. When determining whether a motion is timely, the Court must consider (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004).

The Court finds that the motion is timely filed. Catamount only gained an interest in the property at issue in this case in June 2019. The motion to intervene was filed in November 2019. There is no prejudice to other parties given that the case had already been closed and all defendants dismissed from the case, and the only relief Catamount seeks is to expunge the *lis pendens*. Further, the Court finds that Catamount has an interest in the property as the current title owner, its ability to protect this interest would be impeded in this action, and there is no party currently present in the lawsuit to adequately represent its interests. The Court therefore grants Catamount's motion to intervene.

However, the Court will deny the motion to expunge the *lis pendens*. Nevada state law allows for a *lis pendens* to be filed when there is an action that affects the title or possession of real property. Nev. Rev. Stat. § 14.015. Now that the judgement against Defendant EQ Partners has been set aside, EQ Partners may still assert that it has an interest in the property as the title owner pursuant to the nonjudicial foreclosure sale conducted under NRS Chapter 116, which could conflict with Catamount's assertion that it is the title owner of the property pursuant to a nonjudicial foreclosure sale conducted under the senior deed of trust. Because these are now live issues, the Court will not expunge the *lis pendens*.

### V. CONCLUSION

**IT IS ORDERED** that Defendant EQ Partners Solutions LLC's Motion to Set Aside the Default Judgment (ECF No. 60) is GRANTED.

**IT IS FURTHER ORDERED** that Intervenor-Defendant Catamount Properties 2018, LLC's Motion to Intervene (ECF No. 61) is GRANTED.

**IT IS FURTHER ORDERED** that Intervenor-Defendant Catamount Properties 2018, LLC's Motion to Expunge (ECF No. 63) is DENIED.

The Clerk of the Court is instructed to reopen the Case.

DATED: March 23, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**