UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON & SANDHILL<br>HOMEOWNERS ASSOCIATION et al.,<br><br>Defendants. | Case No.: 2:17-cv-02006-RFB-GWF<br><br>**ORDER** |

**I.    INTRODUCTION**

Before the Court is Plaintiff Bank of New York Mellon's ("BNYM") Motion for Default Judgment. ECF No. 68. For the following reasons, the Court grants this motion.

**II.    PROCEDURAL BACKGROUND**

BNYM filed its complaint against Defendants on July 24, 2017. ECF No. 1. On December 19, 2017, Plaintiff served EQ Partners Solutions LLC ("EQ Partners") by publication. ECF No. 37. On December 20, 2017 BNYM filed a Motion for Entry of Clerk's Default as to EQ Partners and it was entered on January 4, 2018. ECF Nos. 39, 43. On February 19, 2018, BNYM filed a Motion for Default Judgment against EQ Partners and this Court granted the motion on July 10, 2018. ECF Nos. 48, 55. On July 25, 2018, this Court granted a stipulation of dismissal without prejudice as to BNYM, Washington & Sandhill Homeowners Association, and Absolute Collections Services, LLC. ECF No. 59. On April 17, 2019 EQ Partners filed a Motion to Set Aside Clerk's Entry of Default and this Court granted the motion on November 12, 2019. ECF Nos. 60, 63. On May 21, 2020, BNYM filed a Notice of Intent to Take Default on EQ Partners

unless EQ Partners filed an answer or other responsive pleading by July 10, 2020. ECF No. 67. On August 11, 2020, BNYM filed a Motion for Default Judgment against EQ Partners. ECF No. 68.

### III.     LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### IV.     DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against EQ Partners is warranted. The first and sixth factors favor granting default judgment because the Defendant failed to defend since being served and moving to set aside the Clerk's entry of default judgment. EQ Partners' failure to appear for the past two years prejudices BNYM by preventing it from

determining injunctive relief against EQ Partners. Further, EQ Partners' failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, EQ Partners' failure to appear prevents the Court from determining the claims on its merits.

The second and third factors also favor a grant of default judgment. BNYM seeks quiet title and injunctive relief against EQ Partners. There is a sufficient exhibit attached to this instant motion demonstrating BNYM is entitled to the relief requested. Thus, BNYM has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Defendant.

## V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Bank of New York Mellon's Motion for Motion for Default Judgment (ECF No. 68) is GRANTED.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

**DATED**: March 31,2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**